846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack Ray VIGUE, Plaintiff-Appellant,
v.
Bobby Norris VASSAR, Chairman, Virginia Parole Board,
Defendants-Appellees.
 No. 87-7160.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1988.
Decided May 9, 1988.
 
 Jack Ray Vigue, appellant pro se.
 Michael A. Likavec, Office of Attorney General, for appellees.
 Before WIDENER and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jack Vigue, a Virginia inmate, filed this action pursuant to 42 U.S.C. Sec. 1983 alleging that the Virginia Parole Board (1) was biased against him; (2) used information against him in its parole decision which the court had ordered expunged from his records; (3) failed to give him a fair and unprejudiced hearing; (4) denied him parole in retaliation for his filing grievances and lawsuits; and (5) caused him mental and physical anguish by denying him parole. The parties consented to the magistrate's exercise of jurisdiction under 28 U.S.C. Sec. 636(c). Upon proper motion by the defendants the magistrate dismissed claims 1, 3 and 5. After holding an evidentiary hearing as to claims 2 and 4 the magistrate concluded that Vigue had failed to establish a constitutional deprivation. Vigue appealed. We affirm.
 
 
 2
 The federal courts do not provide a forum to review the discretionary decisions of state parole officials, Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir.1986); rather, federal review of state parole decisions is limited to procedural flaws. See Franklin v. Shields, 569 F.2d 784, 800 (4th Cir.) (en banc), cert. denied, 435 U.S. 1003 (1978). Procedural due process requires that prisoners receive a statement of the reasons why parole was denied. Id. at 801. "When the Board gives valid reasons for its decision, this court will not assume that the Board relied on possibly invalid factors.... Moreover, where the denial of parole ... rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." Bloodgood v. Garraghty, 783 F.2d 470, 475 (4th Cir.1986).
 
 
 3
 The record reveals that the Parole Board provided Vigue with a written explanation that he was denied parole in 1985 and 1986 based on the serious nature and circumstances surrounding the crime, his prior criminal history and his poor institutional conduct. These represent valid grounds for denial of parole.
 
 
 4
 Accordingly, we affirm the judgment of the magistrate. Because the dispositive issues have been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.